**Paula CHAVEZ, Plaintiff,**

v.

**DAVID'S BRIDAL, Defendant.**

**C.A. No. 07A–02–004 RRC.**

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 15, 2007.
Decided: Jan. 10, 2008.

---

W. Christopher Componovo, Esquire, Weik Nitsche Dougherty & Componovo, Wilmington, DE, for Employee–Below/Employee.

Cheryl A. Ward, Esquire, Heckler & Frabrizzio, Wilmington, DE, for Employer–Below/Employer.

### *MEMORANDUM OPINION*

COOCH, J.

## I.  INTRODUCTION

Before this Court is the appeal of Paula Chavez ("Employee") from a decision of the Industrial Accident Board ("the Board") dated February 1, 2007, denying Employee's petition to determine additional compensation due. The Board held that the doctrine of *res judicata* barred it from upsetting a prior decision of the Board in which the Board had decided that a settlement agreement between Employee and David's Bridal ("Employer"), her employer, precluded Employee from bringing future claims for certain injuries she had suffered while working for Employer. For the reasons set forth below, this Court holds that the Board correctly rejected Employee's petition on the basis of *res*

*judicata.*  Therefore, the decision of the Board is **AFFIRMED.**

## II.  FACTS AND PROCEDURAL HISTORY[1]

On March 15, 2005, Employee injured her low back when she fell off of a chair while working for Employer. About two weeks later, on March 30, 2005, Employee injured her head, neck, and upper back in an automobile accident unrelated to her employment.

After the accidents, Employee petitioned the Board for compensation for the injuries she suffered in the March 15, 2005 accident, and a hearing was scheduled for the petition for August 15, 2005. On the morning of the scheduled hearing, Employer and Employee entered a settlement agreement, which the Board approved. An August 16, 2005 letter between counsel memorializing the agreement reads as follows:

Dear [Counsel for Employee],

This is to confirm our 8/15/05 settlement resolution of the above-captioned matter (prior to Hearing), pursuant to which the following will occur:

1.  We will issue Agreements and Final Receipts for total disability from 3/26/05 through 8/15/05 at the compensation rate of $266.68 per week based upon a date of accident average weekly wage of $400.00 resulting from the 3/15/05 work accident / fall off chair—low back injury;

2.  We will issue payment for those medical treatment expenses directed to the low back which are reasonable and necessary. In this regard, the medical bills set forth in my 8/11/05 offer of settlement will

---

1.  As explained *infra,* since this Court has concluded that the only issue needed to be considered on appeal is a legal issue, the Court has not set forth the facts relating to the contested medical issues.

be paid. We will also agree to pay that reasonable treatment directed to the low back which occurred through 8/15/05. Any and all medical treatment after 8/15/05 will be denied as not reasonable or necessary for work-related problems per Dr. Stephens.

3. We will issue a medical witness cancellation fee / attorney's fee—expense payment payable to your firm in an amount not to exceed $2,000.00.

As an exchange of the above, the claimant has agreed that any and all claims injuries arising out of the 3/30/05 motor vehicle accident to include head, neck, and upper back are not related to the 3/15/05 work accident. [original emphasis omitted]

As a result of the above, we presented the settlement resolution to the Board at the 8/15/05 Hearing.

As soon as I receive from my client the Agreements and Final Receipts and settlement drafts, I will forward them to you.

If you have any questions, please let me know.

Very truly yours, [Counsel for Employer][2]

However, on January 6, 2006, Employee filed a second petition to determine additional compensation due, seeking total disability benefits starting from August 16, 2005[3] and ongoing, as well as medical and transportation expenses as a result of the March 15, 2005 accident. Employer immediately filed a rule to show cause as to why that part of the petition, again seeking total disability benefits, should not be dismissed as barred by the August 15, 2005 settlement agreement.

After a February 23, 2006 legal hearing on this issue, the Board, in an order dated March 3, 2006, dismissed the Employee's petition, "with prejudice," holding that the Board-approved settlement agreement operated as *res judicata* as to Employee's claims.[4] Specifically, the Board held that the language in the agreement, stating "[a]ny and all medical treatment after 8/15/05 will be denied as not reasonable or necessary for work-related problems per Dr. Stephens," precluded any responsibility on behalf of Employer for total disability payments to Employee for the injury after August 15, 2005.

Employee filed an appeal of the Board's order, and stated that the grounds for the appeal were "that the decision [was] not supported by substantial competent evidence and that the Board erred as a matter of law in determining that the claimant's claim was barred."[5] Notably, Employee voluntarily dismissed that appeal.[6]

Then, on September 16, 2006, Employee filed a third petition to determine additional compensation due, seeking: 1) total disability benefits from May 2, 2006, and ongoing; 2) permanent impairment benefits for a 15% loss of use of her low back; and, 3) unpaid medical expenses. Prior to

---

**2.** Appellant's App. to Opening Br., Ex. A.

**3.** This is the day after the previously agreed to end of total disability payments. Appellant subsequently modified this second petition to assert that the recurrence of total disability did not occur until December 28, 2005.

**4.** *Paula Chavez v. David's Bridal*, IAB No. 1266713 (March 3, 2006).

**5.** *Paula Chavez v. David's Bridal*, C.A. No. 06A–03–006, Pl. Not. of Appeal, D.I. 1, at 2 (Del.Super., March 20, 2006).

**6.** Chavez, C.A. No. 06A–03–006, Pl. Not. of Dismissal, D.I. 5 (Del.Super., May 12, 2006).

the hearing on Employee's claims, the parties settled the claims for permanent impairment and medical expenses. However, Employer again challenged Employee's total disability claim as violative of the settlement agreement and as barred by the Board's March 3, 2006 order.

After a full hearing, in an order dated February 1, 2007, the Board dismissed Employer's petition, incorporating by reference its March 3, 2006 decision, and held that the Board had already decided that the settlement agreement barred all claims to total disability compensation arising after August 15, 2005.[7] The Board held that since Employee had voluntarily dismissed her appeal of the Board's March 3, 2006 decision, that that decision had become final, and that the petition was barred under the doctrine of *res judicata.*[8]

This appeal followed.

## III. CONTENTIONS OF THE PARTIES

Employee contends that the Board originally committed legal error in its March 3, 2006 order (relied upon by the Board in its February 1, 2007 order, which latter decision is the subject of this appeal), in applying the doctrine of *res judicata* to the Board-approved settlement agreement. Employee contends that *"res judicata* is inapplicable to a petition for review filed pursuant to 19 *Del. C.* § 2347."[9] Employ-

ee maintains that this alleged error in the Board's March 3, 2006 order was repeated in the February 1, 2007 order, and that this Court has the present authority on appeal to correct this error. Employee acknowledges that "[the March 3, 2006 order] became final and binding as the appeal from it was voluntarily dismissed," but argues that this "does not mean that this Court cannot overturn the essence of that decision in light of the fact that the Board's decision of February 1, 2007, at issue here, relied upon the other order as a basis for its ultimate decision."[10] Employee argues also that because her original petition raised issues of fact as to Employee's medical condition, not issues of law, that therefore the doctrine of *res judicata* does not apply.[11]

Employer contends that the Board correctly applied the doctrine of *res judicata* in both of its orders dismissing Employer's petitions, and that since Employee "did not pursue" her appeal of the March 3, 2006 order, that order became final and binding and should not be disturbed.[12]

## IV. STANDARD OF REVIEW

■ The sole question before the Court on this appeal is whether the Board committed legal error in its application of *res judicata* in its February 1, 2007 order. Where an appeal involves an alleged error of law on the part of the Board, this Court's review is *de novo.*[13]

---

7. In a footnote to its decision, the Board noted "that it would have been more efficient and less costly if Employer had requested a legal hearing to resolve its *res judicata* defense prior to the hearing on the merits of Claimant's Petition." *Paula Chavez v. David's Bridal,* AIB No. 1266713, at n. 2 (February 1, 2007).

8. *Id.* at 9.

9. Appellant's Opening Br., at 6.

10. *Id.* at 7.

11. *Id.* at 10.

12. Appellee's Answering Br., at 13–14. Employer further contends that the decision is supported by substantial evidence, while Appellant asserts that the only issue on appeal is the legal issue of whether the Board correctly applied the doctrine of *res judicata* in its order.

13. *Munyan v. Daimler Chrysler Corp.,* 909 A.2d 133, 137 (Del.2006).

## V. DISCUSSION

The issue before the Court is whether the Board correctly applied the doctrine of *res judicata* in its February 1, 2007 order. Reviewing this decision *de novo*, the Court holds that the Board correctly applied the doctrine of *res judicata* in its February 1, 2007 order.

▇▇▇ The Board correctly summarized the doctrine of *res judicata* in its March 3, 2006 order, when it stated as follows:

Under the doctrine of *res judicata*, a party is foreclosed from bringing a second suit based on the same cause of action after judgment has been entered in a prior suit involving the same parties.... *Res judicata* applies if:

1) the court making the prior adjudication had jurisdiction, 2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication, 3) the cause of action [is] the same in both cases or the issues decided in the prior action [are] the same as those raised in the present case, 4) the issues in the prior action [were] decided adversely to the plaintiff's contentions in the instant case; and 5) the prior adjudication [was] final.[14]

▇▇▇ The doctrine of *res judicata* applies to Board-approved settlement agreements.[15] Delaware law provides a mechanism for parties engaged in workers' compensation litigation to reach an agreement as to compensation prior to and in lieu of an award given by the Board. 19 *Del. C.* § 2344(a) provides that "[i]f the employer and the injured employee ... reach an agreement in regard to compensation ... and if [it is] approved by [the Department of Labor], [it] shall be final and binding unless modified as provided in § 2347 of this title." [16] 19 *Del. C.* § 2347 provides an exception to the general rule, allowing a party to petition the Board for an alteration of compensation on the grounds of a change in the physical condition of an employee.

▇▇▇ However, in a settlement agreement, a party may effectively waive his or her right to petition the Board for additional compensation by agreeing to free an employer for responsibility of the injury. Where a settlement agreement frees an employer of responsibility for an injury, as has happened here, the Court holds that that provision of the settlement agreement operates as *res judicata*, and precludes the Board from reviewing whether additional compensation for that injury is necessary. The interpretation of the terms of a settlement agreement is matter of law, not a question of fact.[17]

Since Employee voluntarily dismissed her appeal of the Board's March 3, 2006, that order became final and binding, and those conclusions in the Board's order operate as *res judicata*. For these reasons, the Board correctly applied the doctrine of *res judicata* in both its March 3, 2006 order, and its February 1, 2007 order.

---

14. *Paula Chavez v. David's Bridal*, IAB No. 1266713, at B–4 (March 3, 2006).

15. *See Whalen v. State of Delaware*, 1994 WL 636915 at *4 (Del.Super.Ct.) (holding that it is "generally accepted" that a Board-approved settlement agreement operates as "*res judicata* as to the employer's obligation to pay compensation.")

16. *See also* 8 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 132.06(2) (2004) ("If the settlement [as to compensation] is approved, it takes on the quality of an award, and the parties can no more back out of it than any other kind of award.").

17. *Barsky v. Flaherty*, 1987 WL 17047 (Del. Ch.).

## A. The Board's March 3, 2006 Order

■ The Court holds that in its order of March 3, 2006, the Board correctly dismissed Employee's petition as barred by the doctrine of *res judicata.*

■ The doctrine of *res judicata* can apply to that part of a Board-approved settlement agreement where the parties stipulate that an employer is freed from responsibility for an injury. The conclusion that *res judicata* generally applies to settlement agreements is supported by secondary authority. A treatise on the legal effect of compensation agreements states:

> Generally, until properly set aside, an agreement settling or compromising a workers' compensation claim which complies with applicable statutory requisites, including approval by the appropriate court or workers' compensation or industrial commission or agency, is final and binding on the parties.... Matters contained in the settlement agreement are *res judicata,* and are not subject to

collateral attack. Accordingly, an order approving a workers' compensation settlement generally terminates the action and closes the case.[18]

In its March 3, 2006 order, the Board held that the settlement agreement precluded Employee from seeking total disability compensation after August 15, 2005, and thus operated as *res judicata* as to her claim for total disability compensation. The Board did not need to reach the issue of whether there had been a change in Employee's physical condition after so holding. As Employee recognized in her opening brief, this order became binding when she voluntarily dismissed her appeal from it.[19]

■ 19 *Del. C.* § 2347 provides an exception to the general rule (that *res judicata* applies to settlement agreements), permitting a party to petition the Board for a review of a settlement agreement on the ground of a change in the condition of the injured employee.[20] It is this exception that Employee claims applies to her

---

**18.** 100 C.J.S. *Workers' Compensation* § 766. *See also* 82 Am.Jur.2d *Workers' Compensation* § 511, observing that

> [a] settlement of a compensation claim which has been approved as required by the workers' compensation statute operates as an adjudication of the facts agreed upon in the settlement, including the employer's obligation to pay compensation, has the same force and effect as an award made after a full hearing, and thus the matter may not be later reopened absent an express reservation of jurisdiction by the administrative agency or a change in the employee's physical condition which change is a result of a working injury, and is *res judicata* as to the employer's obligation to pay compensation.

**19.** It appears that the grounds of the dismissed appeal are the same grounds as those Employee gives for the present appeal. As previously stated, Employee listed as grounds for her March 20, 2006 appeal that the Board's "decision [was] not supported by substantial competent evidence and that the

Board erred as a matter of law in determining that the claimant's claim was barred." Chavez, C.A. No. 06A–03–006, D.I. 1, at 2 (Del.Super., March 20, 2006).

**20.** 19 *Del. C.* § 2347 reads, in part:

> On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred or that the status of the dependent has changed, the Board may at any time, but not oftener than once in 6 months, review any agreement or award.
>
> On such review, the Board may make an award ending, diminishing, increasing or renewing the compensation previously agreed upon or awarded, and designating the persons entitled thereto, subject to this chapter, and shall state its conclusions of facts and rulings of law. The Department shall immediately send to the parties a copy of the award by personal delivery or by certified mail.

petition. Under 19 *Del. C.* § 2347, the Board may review the petition and determine whether an adjustment to compensation is necessary due to a change in physical condition of the employee. Nonetheless, an employee may, in effect, waive this right to petition for additional compensation by agreeing to free the employer from further responsibility for the injury. Thus, *res judicata* does not apply where the claimant has not effectively agreed that he or she will not seek additional compensation, and where the Board is reviewing a claimed change in physical condition.

This conclusion is supported by this Court's decision in *Atkinson v. Delaware Curative Workshop*,[21] a case relied upon by Employee. In *Atkinson*, a claimant asserted that the doctrine of *res judicata* prevented the Board from reaching what the claimant asserted was a different conclusion than it had in a previous decision. In the Board's first decision, the Board held that a work-related accident aggravated the claimant's pre-existing medical condition, and granted her petition for compensation due. The claimant later petitioned the Board for additional compensation, claiming that her condition had worsened. In its second decision, the Board dismissed her petition, finding that she had "exaggerated her symptoms which she [had] support[ed] only with subjective complaints."[22] The claimant maintained that the Board held in its second decision that the work-related accident did not aggravate the condition; the *Atkinson* Court, disagreed, holding that the Board had merely decided that the claimant had not met her burden of proof. In upholding the

Board's decision on appeal, the *Atkinson* Court held that "the doctrine of *res judicata* does not apply, since the Board did not draw any legal conclusion in its [second decision]."[23] The Court noted the language of 19 *Del. C.* § 2347, giving the Board the power to review an award or agreement, and held that this language necessarily precluded the applicability of *res judicata* where the Board is reviewing a change in condition.[24]

*Atkinson* is distinguishable from the present case. Whereas in *Atkinson*, the Board made no legal conclusion in its decision, here it is clear that the Board in its March 3, 2006 decision decided the legal question of whether the terms of the agreement precluded Employee from seeking additional compensation. Indeed, the first hearing was a legal hearing solely on this issue. Thus, Employee's reliance on *Atkinson* is misplaced.

Employee also relies on this Court's decision in *Nationwide Ins. Co. v. Wolos*.[25] In *Wolos*, an employee suffered a work-related shoulder injury and later developed a fatal connective tissue disorder in the same area. The parties entered into a settlement agreement whereby the employer agreed to take responsibility for the "accepted disorder." The employer later sought to terminate compensation for the injuries, maintaining that the agreement only covered the "acceleration" of the disorder, and that the disorder had reached the stage that it would have been were it not for the original work-related shoulder injury. The Board denied the employer's petition, holding that the terms of the agreement clearly made the employer re-

**21.** *Atkinson v. Delaware Curative Workshop*, 1999 WL 743447 (Del.Super.).

**22.** *Id.* at *2.

**23.** *Id.* at *3.

**24.** *Id.* at *2.

**25.** *Nationwide Ins. Co. v. Wolos*, 2006 WL 2458466 (Del.Super.).

sponsible for the entire disorder, not just its acceleration.

On appeal from that decision, the employer argued that 19 *Del. C.* § 2347 eliminated the applicability of the doctrine of *res judicata* to petitions filed under 19 *Del. C.* § 2347, since the statute gives the Board the power to review agreements. The *Wolos* court disagreed, upholding the Board's decision, and held that 19 *Del. C.* § 2347 only applied when a party asserts a change in the condition of the employee, which the employer had not alleged. The Court held that the agreement was therefore binding on the parties.[26]

The *Wolos* Court held that since the employer had not asserted a change of condition in the employee, that the exception to the doctrine of *res judicata* under 19 *Del. C.* § 2347 did not apply; therefore, the parties were bound by the terms of their agreement. However, the Court did not decide the issue of whether a party can waive its right to petition at all under 19 *Del. C.* § 2347, as the Court deems Employee has done here.

As in *Wolos,* this Court finds that "[t]he agreement has the same integrity as a decision of the Board itself, and [a party] cannot . . . 'back out of it.' "[27] Employee cannot now seek to petition the Board when she has released Employer from responsibility for total disability payments after August 15, 2005. The Court agrees with the Board's interpretation of the phrase: "[a]ny and all medical treatment after 8/15/05 will be denied as not reasonable or necessary for work-related problems"; the Board correctly concluded from this language that "the parties . . . agreed that [Employee] was only totally disabled until August 15, 2005 as a result of the work accident. Further, the parties . . . agreed that 'any and all' medical treatment after August 15, 2005 was not reasonable, necessary or related to the work accident." Absent fraud or mistake, which Employee has not asserted, the parties must be bound by their agreement.[28]

For the preceding reasons, the Court holds that the Board correctly held in its March 3, 2006 order that the doctrine of *res judicata* applied to the settlement agreement when it dismissed Employee's petition.

### B. The Board's February 1, 2007 Order

The Court also holds that the Board correctly dismissed Employee's petition on the basis that it was barred by the doctrine of *res judicata.*

The doctrine of *res judicata* applies to decisions of the Board. Professor Larson states:

> As to *res judicata* in compensation-related matters, the beginning point is recognition of the proposition that *res judicata* does apply to the decisions of compensation Boards and Commissions no less than to the decisions of a court.

> The idea of informality in compensation procedure does not extend so far as to undermine this fundamental principle, but the rule of liberality of construction in compensation matters can appropriately be invoked to avoid harsh and technical forfeitures. . . .

> Most obvious is the holding that prior decisions by the tribunal on earlier aspects of the same case are binding on it.[29]

---

26. *Id.* at *6.

27. *Id.* at 6.

28. *Syed v. Hercules, Inc.,* 2001 WL 845653, at *3 (Del.Super.Ct.).

29. 7 Larson, *supra* note 13, § 127.07.

This principle is supported by Delaware case law.[30] For example, the Delaware Supreme Court held in *Betts v. Townsends, Inc.* that the Board was barred by the doctrine of *res judicata* from revisiting its prior conclusion that a claimant's injuries were caused by a work-related accident.

Employee attempts to circumvent the application of *res judicata* by contending that the issue before the Board was a question of fact as to Employee's changed medical condition, and not a question of law as to the terms of the settlement agreement. The Court disagrees. In order to reach the question of whether there had been a change in her physical condition, Employee would have first had to show cause as to why, by the terms of the settlement agreement, she had not effectively waived the right to petition for additional compensation by freeing Employer of responsibility for the injury after August 15, 2005. The Board decided in its March 3, 2006 order, final and binding on the parties, that she had indeed freed Employer from further responsibility for claims of total disability resulting from the accident. Thus, under the doctrine of *res judicata*, Employee was precluded from raising such an argument before the Board, and the Board correctly dismissed her petition.

## VI. CONCLUSION

The Board's February 1, 2007 decision was free from legal error. For the forego-

---

30. *Betts v. Townsends, Inc.* 765 A.2d 531 (Del. Supr., 2000).

ing reasons, the decision of the Industrial Accident Board is **AFFIRMED.**

**IT IS SO ORDERED.**