JANE VIRELLA KIEFER, Claimant Below-Appellant,
v.
NANTICOKE HEALTH SERVICES, INC., Employer Below-Appellee.
No. 367, 2009.
Supreme Court of Delaware.
Submitted: July 6, 2009.
Decided: August 20, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice
This 20th day of August 2009, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court:
(1) The appellant, Jane Kiefer, filed this appeal from a Superior Court decision, dated June 2, 2009, which affirmed a decision of the Industrial Accident Board terminating Kiefer's worker's compensation benefits. The appellee, Nanticoke Health Services, has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Kiefer's opening brief that her appeal is without merit. We agree and affirm.
(2) The record reflects that Nanticoke had employed Kiefer as a nurse. On February 2, 2008, Kiefer injured her back while lifting a patient. She was seen in the emergency room and returned to work within a few days. On February 16, 2008, Kiefer again injured herself lifting the same patient. She saw a doctor on February 19, 2008 and began treating with a different doctor on February 26, who prescribed Motrin and Flexeril for pain. She was released to work with light duty restrictions, but Nanticoke did not have work available for her. In April 2008, Kiefer accepted employment with a different employer. Nanticoke filed a petition to terminate her benefits in May 2008. The IAB held a hearing in September 2008. The only witness besides Kiefer was Dr. Andrew Gelman, who testified via deposition that Kiefer was able to work full-time without any restrictions.
(3) In reviewing an appeal from a decision of the IAB, this Court must determine whether the IAB's decision is supported by substantial evidence and is free from legal error.[1] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] It means more than a scintilla and less than a preponderance of the evidence.[3] Weighing the evidence, determining the credibility of witnesses, and resolving any conflicts in the testimony are functions reserved exclusively to the Board.[4]
(4) Although Kiefer acknowledged that she was able to work, she contended that her physician had her on light duty restrictions. Kiefer offered no expert testimony to support this contention, however. Given Dr. Gelman's uncontroverted medical opinion that Keifer was able to return to work without any restrictions, we conclude that the IAB's decision to terminate her total disability benefits is supported by substantial evidence and is free from legal error. Accordingly, we find it manifest on the face of Keifer's opening brief that the judgment below should be affirmed on the basis of, and for the reasons set forth in, the Superior Court's well-reasoned decision dated June 2, 2009.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Stoltz Mgmt. Co. v. Consumer Affairs Bd., 616 A.2d 1205, 1208 (Del. 1992).
[2] Streett v. State, 669 A.2d 9, 11 (Del. 1995).
[3] Breeding v. Contractor-One-Inc., 549 A.2d 1102, 1104 (Del. 1988).
[4] Id. at 1106.