# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

KENNETH S. DAVIS,    )
      )
    Claimant-Below, Appellant,  )    C. A. No.:  N14A-05-012 VLM
      )
    v.  )
      )
CHRISTIANA CARE HEALTH  )
SERVICES,  )
      )
    Employer-Below, Appellee.  )

## OPINION

Submitted: November 20, 2014
Decided: February 27, 2015

*Upon Consideration of Appellant's Appeal of the Decision of the Industrial Accident Board*, **REVERSED** and **REMANDED.**

Michael B. Galbraith, Esquire, Weik, Nitsche, Dougherty & Galbraith, Wilmington, DE, Attorney for Appellant.

Maria Paris Newill, Esquire, and Gregory P. Skolnik, Esquire, Heckler & Frabizzio, Wilmington, DE, Attorneys for Appellee.

**MEDINILLA, J.**

## INTRODUCTION

Claimant Kenneth S. Davis ("Claimant") appeals a decision of the Industrial Accident Board (the "Board") which dismissed his Petition to Determine Additional Compensation Due on the basis that Claimant's compensable, work-related injury had been settled by an earlier agreement between the parties. Employer Christiana Care Health Services ("Employer") maintains that the Board's decision should be affirmed because the parties intended the earlier settlement to resolve Claimant's Petition for additional benefits, including his claim for permanent impairment. Because the Court finds that the Board's interpretation of the prior settlement agreement was erroneous, the decision is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY[1]

Claimant alleged that on August 21, 2012, he suffered a work injury to his lower back when he slipped and fell while in the scope of his employment. As a result, Claimant received medical treatment through First State Surgery Center, Neurosurgical Consultants and Christiana Care Health Services. He filed a

---

[1] Recitation of the facts and procedural history is adopted primarily from the Board's hearing, *Kenneth S. Davis v. Christiana Care Health Services*, Hearing No. 1387075, Decision on Petition to Determine Additional Compensation Due (May 15, 2014).

Petition to Determine Compensation Due before the Board on December 11, 2012. A Hearing on the Merits was scheduled for May 29, 2013.

Prior to the hearing date, by letter dated March 18, 2013, Employer extended an offer to settle Claimant's then-pending petition. Specifically, the correspondence from Employer advised settlement authority to: (1) "acknowledge the 8/21/12 work accident and a lumbar spine contusion—resolved;" and (2) "acknowledge a limited course of medical treatment[.]" In response, Claimant's counsel e-mailed Employer's counsel on May 13, 2013 and accepted Employer's offer as their acceptance of a "low back injury" and further stated his "understanding that this will resolve all issues presently pending before the [B]oard."

On May 16, 2013, Employer sent a confirmation letter to Claimant's counsel, confirming that a resolution had been reached in the matter, reiterating the above-stated offer, and adding that she had "requested that my client send medical only Agreements and Final Receipts . . . ." Employer drafted the formal documentation of their agreement, which included both a State of Delaware Office of Workers' Compensation Agreement as to Compensation Form (the "Agreement Form") as well as a Receipt for Compensation Paid (the "Receipt"). The Agreement Form provided for the payment of "medical only" expenses and categorized the nature of the injury as "lumbar spine contusion, resolved." The

3

Receipt expressly stated that "the total sum of $0.00 was in settlement due for the "medical only disability of [Claimant]." Further, the Receipt acknowledged:

> Your signature on this receipt will terminate your right to receive *the workers' compensation benefits specified above* on the date indicated. This form is not a release of the employer's or the insurance carrier's workers' compensation liability. It is merely a receipt of compensation paid. The claimant has the right within five years after the date of the last payment to petition the Office of Workers' Compensation for additional benefits [emphasis added].

Employer informed the Board on May 16, 2013 that there was no need for a Hearing on the Merits, as the parties had resolved their claims.

Eight months later, on January 23, 2014, Claimant underwent a medical evaluation with Dr. Rodgers who opined that claimant had suffered an 8% permanent impairment to the lumbar spine causally related to the August 21, 2012 work injury. On February 27, 2014, Claimant filed a Petition to Determine Additional Compensation Due (the "Permanency Petition") pursuant to 19 *Del. C.* § 2326. On April 16, 2014, Employer requested a Legal Hearing and asked the Board to dismiss the Permanency Petition on the grounds that it was contrary to the parties' prior agreement that the injury had been "resolved." On May 15, 2014, the Board conducted a Legal Hearing and found that because the May 2013 agreement categorized the injury as a "lumbar spine contusion – resolved," there could be no permanent impairment and, therefore, Claimant's Petition for Additional Benefits was dismissed with prejudice.

4

This appeal followed.

## PARTIES' CONTENTIONS

Employer contends that the decision of the Board to dismiss the Permanency Petition should be affirmed. According to Employer, the May 2013 email correspondence, the Agreement and the Final Receipt included language that the injury had "resolved," which is susceptible to only one reasonable interpretation: the parties' agreement that the claims being settled as a "resolved" injury included a future claim for permanent impairment. Employer therefore contends that the Board's decision must be affirmed.

Claimant, however, argues that the Parties' agreement resolved issues that were "*presently pending*" before the Board, which did not include a claim for permanent impairment. Since he was not pursuing a claim for a permanent impairment at the time the agreement was made, there could be no resolution – and no meeting of the minds – regarding permanency at the time of the May 2013 agreement. Accordingly, Claimant contends that the May 2013 agreement did not relinquish his rights to receive future benefits, including permanent impairment, and argues that the Board erred in dismissing his Permanency Petition.

## STANDARD OF REVIEW

On appeal from the Industrial Accident Board, this Court's role is to determine whether substantial evidence exists to support the Board's decision, and to examine the Board's findings and conclusions for legal error.[2] Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,"[3] and is "more than a mere scintilla but less than a preponderance."[4] This Court reviews legal determinations of the Board *de novo*.[5] The interpretation of the terms of a settlement agreement is reviewed for an error of law.[6]

## DISCUSSION

Delaware law favors the voluntary settlement of contested suits, and such arrangements will bind parties when they agree to all material terms and intend to be bound by the contract.[7] When interpreting the meaning of contracts, Delaware courts apply the objective theory—that is, a contract's construction should be that which would be understood by a reasonable person.[8] At issue in this case is the reasonable interpretation of the term "resolved" in the context of the parties'

---

[2] *Harasika v. State*, 2013 WL 1411233, at *3 (Del. Super. Feb. 28, 2013).
[3] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[4] *Kiefer v. Nanticoke Health Servs.*, 979 A.2d 1111 (Del. 2009).
[5] *Bundy v. Corrado Bros.*, 1998 WL 283460, at *2 (Del. Mar. 25, 1998).
[6] *Chavez v. David's Bridal*, 979 A.2d 1129, 1133 (Del. 2008).
[7] *Wittington v. Dragon Group LLC*, 2013 LEXIS 112 (Del. Ch. May 1, 2013).
[8] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010).

agreement, and whether that term equates to Claimant being barred from pursuing a future Worker's Compensation claim for that injury.

The Board heard the legal arguments of counsel and determined that the permanency claim relating to Claimant's August 21, 2012 back injury should be dismissed because the parties' agreed that the work injury had "resolved" in their May 2013 agreement. The Board ruled that because the injury was deemed "resolved," that there was no basis for a permanent impairment claim. The Board stated, "[t]hese facts plainly evidence that there was an express agreement that the injury accepted would be a '*resolved*' lumbar spine contusion and nothing more."

This Court finds that the Board's interpretation of the parties' agreement as evidenced by its May 15, 2014 Order is unsupported by the evidence presented at the Legal Hearing. Employer's March 18, 2013 offer to avoid a proceeding on the merits before the Board did two things: it acknowledged that Claimant suffered a compensable, work-related lumbar spine contusion, and it agreed to compensate Claimant for limited medical expenses related to that injury. The Agreement Form, signed by the parties and dated May 21, 2013, expressly states that Employer was acknowledging a work-related injury to the lumbar spine and agreed to pay "medical only" expenses.[9] The argument by Employer's Counsel at the

---

[9] Two separate areas in the Agreement call for the date and probable length of the disability. The typed responses are "medical only." In a handwritten note on the Agreement, there is a notation

7

Legal Hearing, consistent with the express language in the Agreement and Final Receipt, was that the offer was made to acknowledge a lumbar spine contusion and a limited course of treatment through the date of the defense medical examination.[10] It was not to resolve claims related to permanent impairment. The Agreement Form expressly does not compensate Claimant for permanent impairment.

To the extent that the Court is asked to interpret this contract, there is much ado about the word "resolved" in this case. It is used interchangeably to argue that the case and/or the injury had resolved. Employer concedes that it was the defense medical evaluator who originally provided a medical opinion that the injury had resolved. That description of the injury was then inserted in the Agreement Form that that Claimant signed when Employer agreed to pay his medical bills and to acknowledge the injury as work related. The record describes an injury that may have been opined as "resolved" from a medical standpoint (i.e., no additional medical treatment needed). However, merely because an injury is described as resolved does not mean that a claimant's case is fully "resolved" to the extent it precludes him from raising additional claims that he might be entitled to receive for his work-related injury.

---

that reads "MO-$0." The area for "permanent partial disability" (permanent impairment) is not checked.

[10] Hr'g Transc. at 4.

The record before this Court indicates that the original Petition to Determine Compensation Due was not for a claim of permanent impairment pursuant to 19 *Del. C.* § 2326. Claimant's 8% permanent impairment had not been rated at the time the parties entered into the May 2013 agreement when Employer merely acknowledged the work accident and agreed to pay "medical only" expenses. As such, the Board's legal conclusion that there can be no permanent impairment, without more, was erroneous. While the prior medical description that the injury had resolved may provide Employer a valid position to defend permanent impairment, Claimant should not be precluded from bringing his claim before the Board for its consideration.

The Workers' Compensation Act has clear provisions as set out in 19 *Del. C.* § 2358(a) that allow parties to settle their cases through global resolutions via the commutation process. To do so requires Board approval, which is granted if the Board determines that a lump-sum settlement is in the Claimant's best interest. There was no such approval sought or obtained in this case. The Board's interpretation of the parties' agreement places undue influence on the term "resolved," leading to the broad implications and an erroneous interpretation that the 2013 settlement settled any and all future claims. Accordingly, the Board's

interpretation of the "resolved" language is inconsistent with the agreement of the parties and the letter and spirit of Delaware's Worker's Compensation Act.[11]

Title 19, Section 2326 of the Delaware Code guarantees compensation to an employee who is permanently impaired as a result of a work injury.[12] A claim under Section 2326 allows a claimant to be compensated for permanent injuries sustained as the result of a work-related accident resulting in the loss of or loss of use of any member or part of the body. A determination under Section 2326 is separate and apart from a determination related to whether an injury is work-related, or whether medical treatment is reasonable and necessarily related to an alleged work injury.

Claimant's lumbar spine injury received a rating of 8% permanent impairment on January 23, 2014. The issue of permanent impairment frequently cannot be determined from a medical standpoint until a period of time has passed since an injury occurred.[13] For that reason, the February 2014 Permanency

---

[11] 19 *Del. C*. § 2304. *See Hirneisen v. Champlain Cable Corp.*, 892 A.2d 1056, 1059 (Del. 2006) ("In order to realize the fullest possible potential of the humane and beneficial purposes of workers' compensation statutes, courts have accorded them a generally liberal interpretation . . . The liberal interpretation is used to resolve any reasonable doubts in favor of the worker because it was for the workers' benefit that the act was passed.") (citation omitted).

[12] 19 *Del. C*. § 2326(g). *See Chrysler Corp. v. Chambers*, 288 A.2d 450 (Del. Super. Ct. 1972), *aff'd*, 299 A.2d 431.

[13] *See Downing v. Antonelli*, No. C.A. 90A-11-4, 1991 WL 215917, at *6 (Del. Super. Oct. 10, 1991) ("The time when an impairment becomes "fixed" refers to the date when the medical condition would have stabilized, leaving little probability either of improvement or deterioration of function").

Petition called upon the Board to hear evidence concerning whether Claimant suffered permanent impairment as a result of the August 21, 2012 accident. The Board should have heard evidence on this issue, rather than concluding as a matter of law that "there can be no permanent impairment for a resolved injury."

The Parties both argue their respective position regarding doctrines of *res judicata*, collateral estoppel, and waiver. This Court has stated, "Where a settlement agreement frees an employer of responsibility for an injury . . . that provision of the settlement agreement operates as *res judicata*, and precludes the Board from reviewing whether additional compensation for that injury is necessary."[14]

Employer relies heavily on *Chavez* in support of its argument to affirm the Board's decision on the grounds of *res judicata*. *Chavez* is inapposite. In that case, the "settlement resolution" between the parties expressly stated that "any and all medical treatment after 8/15/05 will be denied as not reasonable or necessary for work-related problems per Dr. Stephens." When the claimant later brought a petition alleging total disability after that date, this Court ruled that the Board properly dismissed the claim with prejudice on the basis that the petition was

---

[14] *Chavez v. David's Bridal*, 979 A.2d 1129, 1134 (Del. Super.), *aff'd*, 950 A.2d 658 (Del. 2008).

11

barred by *res judicata*.[15]   In this case, on the other hand, Claimant did not expressly waive further claims based on his injury, and thus *Chavez* is distinguishable.[16]

In this case, the "resolved" language in the settlement discussions did not free Employer of responsibility for the injury indefinitely; rather, it resolved the then outstanding dispute about whether Claimant had suffered a compensable, work-related injury and whether his medical bills were reasonable and causally related to the work accident.  The issue of permanent impairment suffered by claimant was not before the Board at the time the parties agreed to settle Claimant's original claims.  That issue was never litigated and, therefore, cannot be barred by the doctrines of *res judicata* or the parallel doctrines of collateral estoppel and waiver.  There is no evidence in the record that Claimant knowingly waived his right to future benefits under the Worker's Compensation Act.

As a result of these legal and factual errors, the Court finds that the Board erroneously concluded that Claimant's Permanency Petition was barred by the May 2013 settlement.  Unless and until the parties enter into a global commutation, which requires Board approval and consideration for the relinquishment of future

---

[15] The *Chavez* court also noted that the parties had separately settled the permanency issue. Contrary to Employer's assertion, *Chavez* did not bar the permanency claim on *res judicata* grounds. *Id*.

[16] Indeed, this Court finds Employer's reliance on *Chavez* somewhat misleading, perhaps inadvertently so, but the Court advises counsel to use caution when making representations that the Court barred permanency claims where that issue is so central to this case.

benefits, the Act does not contemplate closing the door on a claimant's ability to seek benefits to which he may be entitled to receive before his claim for said benefits ripens. The Court concludes that the Board's decision to dismiss Claimant's permanency petition must be reversed.

## CONCLUSION

The decision is hereby **REVERSED** and the matter is **REMANDED** for further proceedings concerning the merits of Claimant's permanency petition.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla