IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAWN PEER, | : | |
| | : | C.A. No. K20A-02-001 WLW |
| Claimant Below-Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Employer Below-Appellee. | : | |

Submitted: July 10, 2020
Decided: October 29, 2020

**ORDER**

Appeal of an Industrial Accident Board
Decision dated January 15, 2020.
*Affirmed.*

Walt F. Schmittinger, Esquire and Candace E. Holmes, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorneys for the Claimant Below-Appellant.

John J. Klusman, Esquire and Jocelyn N. Pugh, Esquire of Tybout Redfearn & Pell, Wilmington, Delaware; attorneys for Employer Below-Appellee.

WITHAM, R.J.

Before the Court is an appeal of a decision from the Industrial Accident Board (hereafter "IAB") dated January 15, 2020, brought by the Claimant Below, Dawn Peer (hereafter "Peer"). Peer seeks a reversal of the IAB's decision because the decision was an error as a matter of law. The State of Delaware (hereafter "the Employer") responded that the January 15, 2020, decision is simply upholding what the IAB has already determined. Both parties have filed their briefs, and, based on the record of the case, arguments presented, and the statutory and case law of the State of Delaware, this Court **AFFIRMS** the IAB decision of January 25, 2020.

## Facts and Procedure of the Case

This appeal was triggered by two separate IAB decisions, one finding that Peer did suffer a work-related injury and the other requiring Peer to sign a Receipt of Compensation Received. On April 17, 2019, Peer suffered injuries to her head, shoulder, neck, and lower back as a result of a rear-end collision while she operated a bus as an employee of the State of Delaware. These injuries were found to be compensable by the IAB on October 9, 2019. The decision granted Peer temporary total disability benefits from April 17, 2019, to June 25, 2019, and further noted that the injuries had resolved by June 25, 2019.

Following the October hearing, the Employer sent to Peer an Agreement as to Compensation and a Receipt of Compensation Paid. The agreement was a reflection of the IAB's October decision, and the receipt was an acknowledgment of benefits paid by Employer to Peer as required by 19 Del. C. § 2344. The receipt included language that reflected the IAB's October decision, stating "per board order of

2

10/9/19 the claimant's injuries 'resolved' by June 25, 2019."[1] Peer signed the Agreement and the Receipt but crossed out the additional language on the receipt pertaining to the injuries being resolved. Employer requested another IAB hearing as a result of this action by Peer. That hearing commenced on January 15, 2020. During this hearing, counsel for the Employer presented to the IAB the prior decision that stated Peer's injuries resolved as of June 25, 2019.[2] As a result of that hearing, the IAB affirmed their initial decision's finding that Peer did suffer compensable injuries as a result of the work related accident and that those injuries were "resolved as of June 25, 2019."[3] Peer now seeks to appeal the January 15, 2020, IAB decision.

## Standard of Review

Reviews of IAB decisions by the Superior Court involve determining whether the decisions are based on substantial evidence to support the findings and whether the decisions are based on legal error.[4] Substantial evidence is that which a "reasonable mind might accept as adequate."[5] Such evidence does not rise to the level of preponderance of the evidence, but it is more than a mere scintilla of evidence.[6] Conversely, the Superior Court has much more authority when measuring the decisions of the IAB based on legal determinations, and when such decisions are

---

[1]Cl.'s Br. at 3.

[2]*Peer v. State of Delaware*, IAB Hearing No. 1485010, Tr. 3:11 - 25, (Jan. 15, 2020)

[3]*Peer v. State of Delaware*, IAB Hearing No. 1485010 (Jan. 15, 2020).

[4]*Christiana Care Health Services v. Davis*, 127 A. 3d 391 at 395 (Del. 2015).

[5]*Id.*

[6]*Id.*

made in error, the Superior Court reviews them *de novo*.[7]

## Arguments of the Parties

Peer's argument that the IAB's January 15, 2020, decision was an error as a matter of law pointed to assertions that it served to nullify its own October 9, 2019, decision; the "resolved" language on the receipt was unnecessary to comport to the October 9, 2019, decision; it awarded the Employer a greater award than what was granted in the October 9, 2019, decision by granting a commutation of benefits; and that the January 15, 2020, decision was against public policy.

Peer stated that the IAB's January 15, 2020, decision ordering Peer to sign the receipt with the "resolved" language ultimately barred her from filing any future claims under 19 Del. C. § 2347. Relying on a string of case law, Peer claimed that the receipt with the "resolved" language acted to preclude future claims to benefits in the same manner as 1) a settlement agreement that stated the claimant has "fully recovered,"[8] 2) an agreement where the claimant agrees to free the employer of any future liability,[9] and 3) where a negotiated agreement set a date certain cutting off

---

[7]*Id.*

[8]*Washington v. Delaware Transit Corp.*, 226 A. 3d 202 (Del. 2020). (A decision where the Claimant was precluded from filing a Petition for Permanent Impairment based on expert testimony given during a hearing about Claimant's total temporary disability.)

[9]*Chavez v. David's Bridal*, 979 A. 2d 1129 (Del. Super. Jan. 10, 2008). (A decision where the Claimant agreed to waive their right to petition for future claims to benefits under § 2347 when Claimant freed employer from future liability.)

future claims to benefits past that date.[10]

Peer then stated that inclusion of the "resolved" language on the receipt was unnecessary because the IAB's decision of October 9, 2019, was self-executing and not dependent on the receipt including the "resolved" language. Peer stated that the purpose of the receipt is merely to acknowledge that the Employer has paid benefits, that the disability has ceased, and does not release the employer from future liability.

Peer further stated that signing the receipt with the "resolved" language would effectively be a termination of her claim in the same manner as a commutation. Peer claimed that the "resolved" language could be interpreted as a waiver of her right to petition under § 2347 for future benefits and thus constitute an award to the Employer a commutation.

Finally, Peer pointed to the public policy behind the Workers' Compensation Act (hereafter "the WCA"), and asserted that affirming the January 15, 2020, IAB decision would undermine the WCA. The WCA's purpose is to provide protection to injured employees, and affirming the IAB's decision would effectively strip Peer of those protections.

The Employer's argument is 1) that this appeal of the January 25, 2020, IAB decision is really an attempt to appeal the October 9, 2019, decision and the time to do that has passed and 2) that the receipt with the "resolved" language simply reflects what the IAB stated in its October 9, 2019, decision. The Employer stated that this is not an attempt to garner more than what was already awarded by the IAB nor does

---

[10]*Davis*, 127 A. 3d 391 (Del. 2015). (A decision where the parties negotiated without any involvement by the IAB to preclude future claims to benefits past February 27, 2013.)

the receipt with the "resolved" language act in any of the ways Peer cited from case law.

## Discussion and Analysis

Peer's argument relied on three key cases pertaining to worker's compensation statutes and when claims to future compensation can be sought. However, Peer's interpretation of these cases is misplaced.

First, Peer relied on *Washington v. Delaware Transit Corp.* to draw a parallel between that case and the present case. In *Washington*, an IAB decision to dismiss a claimant's petition for permanent impairment was reversed by the Delaware Supreme Court. Peer asserted that this reversal was due to error on the part of the IAB "in dismissing the claimant's petition" on the basis that the prior decision by the IAB determined that the "claimant had 'fully recovered'."[11] However, this is not what prompted the reversal. The reversal was due to the IAB's reliance on expert testimony in the total temporary disability (TTD) hearing to dismiss the permanent impairment petition despite the fact that the expert testimony of the TTD hearing could not satisfy the substantial evidence rule in dismissing the permanent impairment petition.[12] The expert testimony in the TTD hearing used to dismiss the permanent impairment hearing was "in terms of whether Claimant was able to return to work" and not "testimony regarding the degree of Claimant's permanent

---

[11]Cl.'s Opening Br. at 11.

[12]*Washington v. Delaware Transit Corp.*, 226 A. 3d 202 at 211 - 12 (Del. 2020).

6

impairment."[13] In short, the reversal was not caused by basing the IAB's dismissal on the "fully recovered" language, but on the fact that the dismissal was based on expert testimony that was inapposite to the question of whether there was a permanent impairment.

Second, Peer looked to *Chavez v. David's Bridal* to conclude that resolution language of a settlement agreement in a worker's compensation case can serve as a waiver to any future claims to compensation. Again, Peer misconstrued this case by asserting that it stands for *res judicata* applying to petitions for future compensation when settlement agreements include "fully recovered" and "resolved" language. In *Chavez*, the determination that the settlement agreement served as a waiver was based on the fact that the settlement agreement contained language that freed the employer from any future claims to compensation. The right to petition for adjustments to compensation is statutorily enshrined in 19 Del. C. § 2347; however, "[w]here a settlement agreement frees an employer of responsibility for an injury...the Court holds that that provision of the settlement agreement operates as *res judicata*, and precludes the Board from reviewing whether additional compensation for that injury is necessary."[14] The determinative factor is that the language explicitly frees the employer from future liability, not that the language suggests that the injuries have resolved.

Finally, Peer's reliance on *Christiana Care Health Services v. Davis* also

---

[13]*Id.* at 212.

[14]*Chavez v. David's Bridal*, 979 A. 2d 1129 at 1135 (Del. Super. Jan. 10, 2008).

misconstrued the holding in that case. The issue in *Davis* was not that the ruling precluded claims to any future compensation, but, rather, that any future claims to compensation would not go beyond the date determined to be the date of resolution of the injury. "That agreement was neither an admission of liability on Christiana Care's part nor a commutation of benefits. Rather, the settlement agreement that Davis's counsel negotiated and he signed was an acknowledgement that any back injury Davis suffered as a result of the fall was resolved and that his claims against Christiana Care were limited to those of outstanding medical treatment incurred before February 27, 2013."[15]

Peer also asserted that the "purpose of a Receipt (sic) is to acknowledge that benefits have been paid by the employer."[16] The receipt further serves as the "prima facie evidence that the disability of the employee has ceased for any given time period (not that the injury has completely 'resolved')."[17] Peer correctly argued that "the receipt is not a release of the liability of the employer or insurance carrier."[18] This is correct and is supported by *Kenol v. Johnny Janosik, Inc.*, where the Superior Court for New Castle County stated such orders to sign "simply require[] Employee to sign a receipt for payments received pursuant to a preexisting agreement for a closed period of disability. It does not address the merits of Employee's claim, much less

---

[15]*Davis*, 127 A. 3d at 396.

[16]Cl.'s Opening Br. at 13.

[17]*Id.*

[18]*Id.*

8

'create rulings that fix the nature and scope of the [Employee's] injuries."[19]

The IAB decision of October 9, 2019, determined that the work-related injury suffered by Peer warranted an award of compensation from April 17, 2019, to June 25, 2019. It stated that the injuries incurred by Peer resolved on June 25, 2019, and the IAB based this conclusion on the testimony of expert witnesses as well as physical evidence in the form of surveillance video footage showing that Peer was not conducting herself in a manner consistent with someone continuing to suffer from the injuries she claimed beyond June 25, 2019. This Court finds that the IAB's October 9, 2019, decision was based on substantial evidence and supported by appropriate application of law. Further, this Court finds that the IAB was correct in requiring Peer sign the receipt as presented by the Employer with the included "resolved" language.

## Conclusion

Wherefore, due to the reasons stated above, this Court **AFFIRMS** the January 15, 2020, decision of the Industrial Accident Board compelling Claimant-Appellant to sign the Receipt for Compensation Paid stating that the injuries caused by a work related accident on April 17, 2019, resolved on June 25, 2019, reiterating the October 9, 2019, decision of the Industrial Accident Board.

IT IS SO ORDERED.

/s/ *William L. Witham, Jr.*
Resident Judge

---

[19]*Kenol v. Johnny Janosik, Inc.*, 2011 WL 900588 at *3 (Del. Super. Mar. 15, 2011).