**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1848
_____

SONIA L. TAYLOR-BRAY,
                                        Appellant

v.

DELAWARE DEPARTMENT OF SERVICES
FOR CHILDREN, YOUTH AND THEIR FAMILIES;
VIVIAN RAPPOSELLI; RICK SHAW; SUSAN JONES;
JOHN STEVENSON; DONALD MCILVAIN, in their
official capacities; DELAWARE PUBLIC
EMPLOYMENT RELATIONS BOARD; CHARLES
LONG; ELIZABETH MARON; R. ROBERT CURRIE,
JR.; KATHIE A. KARSNITZ, in their official capacities;
AMERICAN FEDERATION OF STATE COUNTY AND
MUNICIPAL EMPLOYEES  INTERNATIONAL;
JOHN SEFERIAN; MIKE BEGATTO; PAT BAILEY;
CAMERON HENRY, in their official capacities

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-12-cv-00019)
District Judge: Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2015

Before: GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed:  September 22, 2015)

————————

OPINION[*]

————————

PER CURIAM

Sonia Taylor-Bray appeals from an order of the District Court granting summary judgment to the Delaware Department of Services for Children, Youth, and their Families ("DSCYF"). For the reasons that follow, we will affirm.

Taylor-Bray's appeal concerns only her Title VII employment discrimination claim, 42 U.S.C. § 2000e, et seq., against DSCYF.[1] Taylor-Bray was employed by the DSCYF as a youth rehabilitation counselor at the Stevenson House in Milford, Delaware, a secure facility for incarcerated youth and pretrial juvenile detainees. Her job duties included assisting in the handling of serious disturbances or subduing unruly residents, which could involve physically restraining youth and responding to physical confrontations. Taylor-Bray sustained a workplace injury on June 9, 2008.[2] When she returned to work following the injury, she was placed on light-duty pursuant to her physician's request, and therefore assigned to a night-shift control room post at the

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Taylor-Bray's claims pursuant to 42 U.S.C. § 1981 and § 1983 against numerous other defendants were dismissed by the District Court early in the litigation. She does not challenge these dismissals on appeal.

[2] The summary judgment record shows that Taylor-Bray suffered a small herniated disc in her lower back.

2

Stevenson House by her supervisor Donald Mcilvain and/or Superintendent John Stevenson.

On December 9, 2008, Taylor-Bray's physician placed her on permanent medium-duty restrictions. She requested an accommodation pursuant to the Americans with Disabilities Act on the basis that she could no longer restrain the residents, and she filed numerous grievances, raising issues of violations of overtime policy, bumping rights for shift work, and restrictive duties with respect to seniority. A human resources specialist informed Taylor-Bray on February 25, 2009 that she could not keep her light-duty assignment indefinitely; agency policy limited light-duty assignments to thirty days. Taylor-Bray was instructed to apply for short term disability insurance benefits. She did not do so initially and instead sought workers' compensation benefits. She subsequently applied for and received short-term disability benefits. She was instructed to transition to the long term disability benefits program, but failed to do so.

Meanwhile, as of May 5, 2009, Taylor-Bray's physician continued her on permanent, medium-duty restrictions. There were, however, no medium-duty positions available as a youth rehabilitative counselor and, in June 2009, a recommendation was made to terminate Taylor-Bray's employment due to her inability to perform the essential functions of her job. On July 20, 2009, Taylor-Bray's physician provided a return to work slip that indicated that she was able to perform all essential aspects of a job with permanent medium-duty restrictions. Because her physician did not release her to full duty, she was advised that her employment would be terminated. Taylor-Bray was

3

terminated from her position by the Secretary of DSCYF due to her inability to perform the essential functions of her position, effective July 22, 2009.

After she was terminated, Taylor-Bray filed grievances through the collective bargaining agreement, claiming discrimination due to her disability. A hearing was held on September 23, 2009, and, on October 2, 2009, the hearing officer denied the grievance, finding that Taylor-Bray's termination was for just cause. She filed grievances with the Delaware Merit Employee Relations Board, which were dismissed because the issues were controlled by the collective bargaining agreement. She also unsuccessfully pursued unfair labor practices charges before the Public Employment Relations Board.

Taylor-Bray also filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging gender discrimination and retaliation, in connection with her termination from employment.[3] A notice of her right to sue was mailed to her on December 20, 2011, and this civil action, filed in forma pauperis in the United States District Court for the District of Delaware, followed. The parties engaged in discovery and Taylor-Bray was deposed, testifying about similarly situated males who received preferential treatment, and that having to physically restrain the residents disproportionately affected women employees. After the close of discovery, DSCYF moved for summary judgment, arguing that Taylor-Bray failed to identify valid male comparators, and failed to show that the proffered reason for her termination was a

---

[3] Taylor-Bray filed a separate charge of discrimination with the EEOC asserting disability discrimination, and that issue is the subject of a separate civil action.

pretext for discrimination on the basis of gender or retaliation. Taylor-Bray also moved for summary judgment. In an order entered on March 17, 2015, the District Court awarded summary judgment to DSCYF. Judgment was entered on March 20, 2015.

Taylor-Bray appeals. We have jurisdiction under 28 U.S.C. § 1291. In her pro se brief she argues that the District Court's emphasis on the "same-supervisor" element in its analysis of her comparators was incorrect; that she properly identified similarly situated male employees who were treated more favorably; that the reason for her termination was a pretext for discrimination, and that retaliation could be inferred because her grievances were left unanswered or unresolved.

We will affirm. We review a District Court's grant of summary judgment de novo. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is proper where there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, id. at 587, but the nonmoving party may not rest on mere allegations or denials of her pleading, Fed. R. Civ. Pro. 56(e)(2). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

To make out a prima facie case of discrimination, Taylor-Bray was required to show that: (1) she is a member of a protected class; (2) she was qualified for the job; (3) despite her qualifications, she was terminated; and (4) the termination was under circumstances that raise an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The primary focus is ultimately on whether the employer treated some people less favorably than others because of their race, color, religion, gender, or national origin. See Sarullo v. United States Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003).

DSCYF argued in its summary judgment motion that no similarly-situated man was treated better than Taylor-Bray. Taylor-Bray countered that seven individuals were treated more favorably than she. In the context of personnel actions, the plaintiff is not required to show that she is identical to the comparator, but she must show substantial similarity. Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000). Relevant factors include, but are not limited to, whether the comparators "1) had the same job description, 2) were subject to the same standards, 3) were subject to the same supervisor, and 4) had comparable experience, education, and other qualifications." Salas v. Wisconsin Dep't of Corrections, 493 F.3d 913, 923 (7th Cir. 2007). The District Court addressed all seven comparators identified by Taylor-Bray and provided cogent reasons for rejecting them, including that some had different supervisors, some were able to perform the essential functions of the job once removed from restrictive duty, some had different medical issues, some held different positions and worked at different facilities, one was on administrative leave, and one was actually terminated just as Taylor-Bray was

6

terminated. Taylor-Bray has not persuaded us that the District Court erred in its analysis.[4] The individual comparator's supervisor was but one of many factors considered by the District Court and not a particularly decisive one. We agree with the District Court that no reasonable juror could find that any of Taylor-Bray's proposed comparators were actually similarly situated to her.

Taylor-Bray contended that the job requirement of physically restraining youths has a discriminatory impact on women. To make out a prima facie case of disparate impact gender discrimination, Taylor-Bray must show that the job requirements of her position are discriminatory in effect. Dothard v. Rawlinson, 433 U.S. 321, 329 (1977). The District Court determined that the challenged requirement – possessing the physical ability to restrain youth – was job-related, that the position is held equally among men and women, and that light-duty positions are provided to both men and women equally when needed. The summary judgment record fully supports the District Court's determination.

Even if Taylor-Bray could make out a prima facie case of gender discrimination, she produced no evidence from which a reasonable jury could find that DSCYF's reason for its employment decision was a pretext for discrimination. If a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant employer to proffer some "legitimate, non-discriminatory reason" for its actions. See Woodson v. Scott

---

[4] Taylor-Bray has discussed a new comparator in her brief on appeal, Nathaniel Bolden. Inasmuch as she did not present this comparator to the District Court and has not shown that there were extraordinary circumstances, we will not consider this comparator. See Bailey v. United Airlines, Inc., 279 F.3d 194, 203-204 (3d Cir. 2001).

7

Paper Co., 109 F.3d 913, 920 n.2 (3d Cir. 1997). To demonstrate pretext under the summary judgment standard, a plaintiff must offer evidence that "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication." Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). DSCYF's proffered reason for terminating Taylor-Bray was supported by her own medical records in that her physician never cleared her to return to full duty. Here, no reasonable juror could find that DSCYF's reason for terminating Taylor-Bray was a pretext for gender discrimination. The summary judgment record establishes that Taylor-Bray was terminated because she was unable to perform the essential functions of her position, her physician having determined that she was permanently restricted to medium-duty work. Moreover, before being terminated, she was allowed to remain in light-duty status for almost three months. DSCYF's proffered reason for its action was neither "weak, incoherent, implausible, or so inconsistent" that a reasonable juror could find it unworthy of credence. See Sarullo, 352 F.3d at 800.

Last, we find no error in the District Court's determination of Taylor-Bray's retaliation claim. Title VII prohibits employers from retaliating against employees who complain about discriminatory treatment. See Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 59 (2006). A prima facie claim of retaliation requires a showing of "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997). The

8

District Court determined that the fact of the temporal proximity of Taylor-Bray's internal grievances, in relation to DSCYF's decision that she could not remain indefinitely on light duty, was sufficient to establish a prima facie case of retaliation, but that DSCYF had, nevertheless, proffered a legitimate, non-retaliatory reason for its decision to terminate her. On appeal, Taylor-Bray raises two arguments. First, she argues that the District Court erred because it ignored the fact that some of her grievances were left unresolved, but whether or not her grievances were resolved is a matter that relates solely to her collective bargaining agreement. This argument has no bearing on her Title VII retaliation claim. She also argues that it was suspect that she initially was encouraged to apply for short term disability benefits and was not recommended for termination, and then later was terminated, but this issue relates to whether or not she made out a prima facie claim for retaliation, an issue decided in her favor by the District Court. The District Court ultimately rejected her retaliation claim because DSCYF proffered a legitimate, non-retaliatory reason for her termination and not because she failed to make out a prima facie case. Here, no reasonable juror could conclude that there was any causal connection between Taylor-Bray's protected activity and DSCYF's decision to terminate her.

For the foregoing reasons, we will affirm the order of the District Court awarding summary judgment to DSCYF.