IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SONJA TAYLOR, )
)
Plaintiff, )      C.A. No. K19C-04-009 NEP
)      In and for Kent County
v. )
)
DEPARTMENT OF SERVICES )
FOR CHILDREN, YOUTH AND )
THEIR FAMILIES, DONALD )
MCILVAIN AND JOHN )
STEVENSON, )
)
Defendants. )

**ORDER**

Submitted: April 3, 2019
Decided: April 17, 2019

Upon consideration of the complaint and motion to proceed *in forma pauperis* of Plaintiff Sonja Taylor (hereinafter "Ms. Taylor"), the Court finds as follows:

Ms. Taylor is suing the Department of Services for Children, Youth and Their Families (hereinafter "DSCYF"), and two of its officials, Donald Mcilvain and John Stevenson (hereinafter "Mcilvain" and "Stevenson," and collectively with DSCYF, "Defendants"), pursuant to 42 U.S.C. § 1983, for "personal injury," alleging, *inter alia*, that Defendants promoted a hostile work environment and discriminated and retaliated against her.

Included with Ms. Taylor's complaint is an application to proceed *in forma pauperis*. Ms. Taylor submitted an affidavit establishing to the Court's satisfaction that she is indigent. Therefore, the Court grants Ms. Taylor's application to proceed *in forma pauperis* pursuant to 10 *Del. C.* § 8803(a).

*Taylor v. Dept. of Services for Children,*
*Youth and Their Families, et al.*
C.A. No.K19C-04-009 NEP
April 17, 2019

However, before Ms. Taylor's case may proceed, the Court must also review the complaint, and if the complaint is deemed to be legally frivolous, factually frivolous, or malicious, the Court must dismiss it.[1] While the Court views *pro se in forma pauperis* civil suits generously,[2] to protect judicial resources and the public good, the Court will not allow itself or members of the public "to become the victim[s] of frivolous or malicious claims which on their face are clearly: subject to a motion to dismiss under Superior Court Civil Rule 12(b)(6) or subject to a defense of immunity or subject to some other defect."[3] While the pleading standard for complaints is low, a complaint must—at a minimum—give the opposing party notice of the nature of the claim.[4] A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, [or] not worthy of serious attention or trivial."[5] A claim is legally frivolous where it is "based on an indisputably meritless legal theory."[6] A claim is malicious when "designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which

---

[1] 10 *Del. C.* § 8803(b).

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *Lee v. Johnson*, 1996 WL 944868, at *1 (Del. Super. June 4, 1996).

[4] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[5] 10 *Del. C.* § 8801(4).

[6] *Id.* at § 8801(7).

*Taylor v. Dept. of Services for Children,*
*Youth and Their Families, et al.*
C.A. No.K19C-04-009 NEP
April 17, 2019

realleges pending or previously litigated claims."[7]

Ms. Taylor submitted the complaint in the instant action on April 2, 2019. However, the Court notes that Ms. Taylor has filed numerous other complaints and claims relating to her termination from DSCYF, including previous claims under 42 U.S.C. § 1983, as well as claims alleging gender and disability discrimination and retaliation. The factual background relating to Ms. Taylor's termination has been well documented in actions before the federal courts and this Court. The Court takes judicial notice of those underlying facts to the extent that the issues in Ms. Taylor's complaint before this Court have already been litigated and dismissed. In particular, the Court notes the cited decisions of the District Court,[8] the Third Circuit,[9] and this Court.[10]

Based upon the Court's reading of the complaint at issue, it appears that most of Ms. Taylor's allegations concern the incidents surrounding her previous termination from employment, which were the subject of the prior actions in this Court and in the District Court. It also appears, however, that Ms. Taylor may be

---

[7] *Id.* at § 8801(8).

[8] *Watson, et al. v. Dep't of Servs. for Children, Youth, and Their Families,* 2012 WL 2072867 (D. Del. 2012); *see also Taylor-Bray v. Dep't of Servs. for Children, Youth, and Their Families,* 2015 WL 1228319 (D. Del. 2015).

[9] *Taylor-Bray v. Dep't of Servs. for Children, Youth, and Their Families,* 627 Fed. Appx. 79 (3d Cir. 2015).

[10] *Taylor-Bray v. Dep't of Servs. for Children, Youth, and Their Families,* 2016 WL 1605589 (Del. Super. Apr. 12, 2016).

*Taylor v. Dept. of Services for Children,*
*Youth and Their Families, et al.*
C.A. No.K19C-04-009 NEP
April 17, 2019

complaining about ongoing conduct.

First, the Court notes that those of Ms. Taylor's claims that are repetitive of claims that have previously been dismissed by other courts and by this Court are barred under the doctrine of *res judicata.* Under *res judicata*, a party is foreclosed from bringing a second suit based on the same cause of action after a judgment has been entered in a prior suit involving the same parties.[11] Essentially, *res judicata* bars a court from reconsidering conclusions of law previously adjudicated.[12]

*Res judicata* applies if "(1) the court making the prior adjudication had jurisdiction, (2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication, (3) the cause of action [is] the same in both cases or the issues decided in the prior action [are] the same as those raised in the present case, (4) the issues in the prior case [were] decided adversely to the plaintiff's contentions in the instant case, and (5) the prior adjudication [was] final."[13] Thus, to the extent that Ms. Taylor raises any allegations that were the subject of previous lawsuits, these claims have all been previously dismissed and are barred.[14]

---

[11] *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000) (citing *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 520 (Del. 1999)).

[12] *Id.* (citing *M.G. Bancorporation*, 737 A.2d at 520).

[13] *Chavez v. David's Bridal*, 979 A.2d 1129, 1134 (Del. Super. 2008).

[14] *See Taylor-Bray*, 2015 WL 1228319, at *6-7 (noting that retaliation claims under Delaware law had been previously dismissed and dismissing retaliation claims under Title VII); *See*

*Taylor v. Dept. of Services for Children,*
*Youth and Their Families, et al.*
C.A. No.K19C-04-009 NEP
April 17, 2019

Second, to the extent that Ms. Taylor asserts any new claims against DSCYF pursuant to 42 U.S.C. § 1983, these claims are barred under the State's Eleventh Amendment immunity.[15] As previously indicated in the District Court's decision in *Watson*, a state agency is protected from suit by the Eleventh Amendment to the United States Constitution where the state agency has not waived its immunity and Congress has not abrogated that immunity.[16] Neither has occurred here. Therefore, DSCYF is immune from suit as to Ms. Taylor's Section 1983 claims.

Additionally, to the extent that any separate Section 1983 claims are brought by Ms. Taylor against Defendants McIlvain and/or Stevenson, they are also barred under the doctrine of *res judicata*. Ms. Taylor's complaint alleges that Mcilvain "used his power, influence and/or authority in collective bargaining to have DSCYF Superintendent, John Stevenson. . . remove her from seniority assigned shift, deny rights to 'bump,' and remove her from duty (March 2009)." Moreover, Ms. Taylor alleges that Stevenson discriminated and retaliated against her by closing her state e-mail account in 2009. These are the only specific actions in the complaint that are alleged to have been taken by McIlvain and Stevenson. However, both actions are alleged to have taken place during a period previously determined by the *Watson*

---

*Taylor-Bray*, 2016 WL 1605589, at *2-4 (dismissing discrimination claims).

[15] *See Watson*, 2012 WL 2072867, at *4-5.

[16] *Id.* at *4 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

*Taylor v. Dept. of Services for Children,*
*Youth and Their Families, et al.*
C.A. No.K19C-04-009 NEP
April 17, 2019

court to be outside the time period for allowable claims.[17] Ms. Taylor has failed to allege in her complaint any specific actions by Defendants Mcilvain or Stevenson that are different from those previously adjudicated in the *Watson* case, which dismissed all of the Section 1983 claims at that time,[18] or which have occurred within the limitations period of this complaint. Therefore, to the extent Ms. Taylor raises any Section 1983 claims against Mcilvain or Stevenson, they are dismissed.

Lastly, the Court notes that the only dates alleged in the instant complaint that do fall within the statute of limitations period for this complaint[19] pertain to alleged activity of the Delaware Department of Labor (hereinafter "DDOL") and DDOL employee Deneeca Guile. Ms. Taylor's complaint alleges that on January 3, 2019, Ms. Guile "negligently used Taylor's Jan. 28, 2016 job application as a sporadic event ignoring 12 others, a job interview with DSCYF, and [her] Return to Work from Disability Status." Additionally, Ms. Taylor alleges that on February 5, 2019, "DDOL sent a No Cause and 90 day Right to Sue" and that "DDOL's investigation negligently did not include any applicant comparisons."

To the extent that Ms. Taylor is seeking to assert claims against DDOL and Ms.

---

[17] The *Watson* court dismissed as time-barred all claims that occurred prior to January 10, 2010. *See Watson*, 2012 WL 2072867, at *5.

[18] *Id.*

[19] Section 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *Id.* (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993)); *see also* 10 *Del. C.* § 8119.

*Taylor v. Dept. of Services for Children,*
*Youth and Their Families, et al.*
C.A. No.K19C-04-009 NEP
April 17, 2019

Guile, these claims are barred. Neither DDOL nor Ms. Guile is a defendant or other named party in this suit. Moreover, even if DDOL were a, it would be immune from suit under the Eleventh Amendment, as highlighted above.

Accordingly, Ms. Taylor's complaint is **DISMISSED**. Consequently, service of process shall not issue. To protect judicial resources, this Court enjoins Ms. Taylor from filing future claims without leave of court. Pursuant to 10 *Del. C.* 8803(e), future requests to file claims must be accompanied by an affidavit certifying that:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;

(2) The facts alleged are true and correct;

(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4) The affiant has no reason to believe the claims are foreclosed by controlling law; and

(5) The affiant understands that the affidavit is made under penalty of perjury.

**IT IS SO ORDERED**.

/s/ Noel Eason Primos
Judge

NEP/dsc
*Via File & ServeXpress & U. S. Mail*
oc:    Prothonotary
cc:    Sonja Taylor

7