IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SONJA TAYLOR, | § | |
| | § | No. 209, 2019 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K19-04-009 |
| DEPARTMENT OF SERVICES FOR | § | |
| CHILDREN, YOUTH AND THEIR | § | |
| FAMILIES, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 11, 2019
Decided: December 17, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on the appeal, it appears to the Court that:

1. This appeal arises from a Superior Court order, dated April 17, 2019, dismissing the appellant's complaint under 10 *Del. C.* § 8803(b). The appellant, Sonja Taylor, is a former employee of the appellee, Department of Services for Children, Youth, and Their Families ("DSCYF"). After her termination in 2009, Taylor filed multiple lawsuits against DSCYF and other parties in the United States District Court for the District of Delaware and the Superior Court. Taylor alleged, among other

things, that her termination was the result of gender discrimination, disability discrimination, and retaliation.

2. In 2012, the District Court dismissed most of Taylor's claims against DSCYF based on Delaware's sovereign immunity under the Eleventh Amendment of the United States Constitution.[1] In 2015, the District Court granted summary judgment for DSCYF on Taylor's remaining claims that she was discharged as a result of gender discrimination and retaliation in violation of 42 U.S.C. § 2000(e).[2] In 2016, the Superior Court granted DSCYF's motion to dismiss Taylor's complaint based on the statute of limitations, res judicata, and collateral estoppel.[3]

3. On April 3, 2019, Taylor filed a complaint under 42 U.S.C. § 1983 against DSCYF and two DSCYF employees in the Superior Court. After granting Taylor's motion to proceed *in forma pauperis*, the Superior Court dismissed the complaint under 10 *Del. C.* § 8803(b). The Superior Court also enjoined Taylor from filing future claims without leave of court. This appeal followed.

4. On appeal, Taylor argues that the Superior Court erred in dismissing her complaint and in enjoining her from filing future litigation without leave of the court.

---

[1] *Watson v. Dep't of Servs. for Children Youth and Their Families*, 2012 WL 2072867, at *4 (D. Del. June 8, 2012) (dismissing Taylor's claims under 42 U.S.C. § 1983); *Watson v. Dep't of Servs. for Children, Youths and Their Families Delaware*, 2012 WL 1134512, at *3 (D. Del. Mar. 30, 2012) (dismissing the lawsuit Taylor filed under 42 U.S.C. § 1981).

[2] *Taylor-Bray v. Dept. of Servs. for Children, Youths and their Families Delaware*, 2015 WL 1228319, at *6-8 (D. Del. Mar. 17, 2015), *aff'd,* 627 Fed. Appx. 79 (3d Cir. 2015).

[3] *Taylor-Bray v. Dept. of Servs. for Children, Youths and their Families*, 2016 WL 1605589, at *2-4 (Del. Super. Ct. Apr. 12, 2016).

She also makes new allegations against DSCYF and others that we will not consider for the first time on appeal.[4]  After careful consideration of Taylor's arguments, we conclude that the Superior Court's judgment should be affirmed.

5.       Under § 8803(b), a trial court must review a complaint once the plaintiff's application to proceed *in forma pauperis* is granted.  If the trial court determines that the complaint is factually frivolous, malicious, or legally frivolous and "and that even a pro se litigant, acting with due diligence, should have found well settled law disposing of issue(s) raised," then the complaint must be dismissed.[5]  A claim is factually frivolous "where the factual allegations of which are baseless, of little or no weight, value or importance, not worthy of serious attention or trivial."[6]  A claim is legally frivolous when "based on an indisputably meritless legal theory."[7]  A claim is malicious when it is "designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims."[8]  An order of dismissal under § 8803(b) "shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious."[9]

---

[4] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.  Parties are not free to advance arguments for the first time on appeal.").

[5] 10 *Del. C.* § 8803(b).

[6] 10 *Del. C.* § 8801(4).

[7] 10 *Del. C.* § 8801(7).

[8] 10 *Del. C.* § 8801(8).

[9] 10 *Del. C.* § 8803(b).

6. Although the dismissal order failed to specify whether the complaint was factually frivolous, legally frivolous, or malicious, it appears that the Superior Court concluded that the claims were legally frivolous or malicious. As the Superior Court recognized, Taylor asserted claims based on her 2009 termination that were previously adjudicated in the defendants' favor.[10] Those claims were legally frivolous and malicious under § 8803(b), and properly dismissed by the Superior Court. The Superior Court also recognized that it appeared Taylor was trying to assert new claims arising from events since her termination. The Superior Court did not err in dismissing those claims on the basis that the relevant allegations in the complaint only referred to non-parties.

7. In light of these findings, the Superior Court did not err in enjoining Taylor from filing future complaints without leave of court. Under § 8803(e), "[w]hen a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without

---

[10] *See Taylor-Bray*, 2015 WL 1228319, at *4-7 (granting summary judgment in favor of DSCYF on Taylor's claims that she was terminated as a result of gender discrimination and retaliation); *Watson*, 2012 WL 2072867, at *5 (dismissing Taylor's claims under 42 U.S.C. § 1983 as barred by the two-year statute of limitations). The District Court's ruling in *Watson*, 2012 WL 1134512, that Taylor's § 1983 claims against DSCYF were barred by State's Eleventh Amendment immunity from a lawsuit brought in a federal court by its own citizen is not, contrary to the Superior Court's holding, applicable here. Nonetheless, Taylor cannot bring a lawsuit for money damages against DSCYF pursuant to § 1983 as she attempted here. *State v. Sheppard*, 2004 WL 2850086, at *2 (Del. Dec.10, 2004) ("An action for money damages may not be maintained against a state or its agencies pursuant to 42 U.S.C § 1983 because neither a state nor its agencies are considered "persons" for the purpose of such an action.") (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002)).

leave of court." Any future claims from an enjoined litigant must be accompanied by an affidavit containing the certifications required by § 8803(e).[11]

8. Contrary to Taylor's contentions, the Superior Court injunction is not a revocation of a Delaware Right to Sue Notice under 19 *Del. C.* § 714(a). Under § 714(a), a person alleging a violation of the Delaware Discrimination in Employment Act ("DDEA") "may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same." A Delaware Right to Sue Notice "refers to a final acknowledgement of the charging party's exhaustion of the administrative remedies provided herein and written notification to the charging party of a corresponding right to commence a lawsuit in Superior Court."[12] This language does not entitle the recipient of a Delaware Right to Sue Notice to a particular outcome or result in the Superior Court. Nor does it allow the recipient to abuse the judicial process by filing repetitive claims that were previously adjudicated. As long as Taylor can make the necessary certifications under § 8803(e), the injunction will not prevent her from filing litigation in the Superior Court after she receives a Delaware Right to Sue Notice.

---

[11] The required certifications consist of the following: (1) the claims sought to be litigated never have been raised or disposed of before in any court; (2) the facts alleged are true and correct; (3) the affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised; (4) the affiant has no reason to believe the claims are foreclosed by controlled law; and (5) the affiant understands that the certifications are made under penalty of perjury.

[12] 19 *Del. C.* § 710(4).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court

judgment is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice